```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

SUSANNE KREGER,                    )
                                   )
               Plaintiff,          )
                                   )
     v.                            )    No.  08 C 2606
                                   )
CHICAGO TRANSIT AUTHORITY,         )
                                   )
               Defendant.          )
```

## MEMORANDUM ORDER

In response to this Court's May 8, 2008 memorandum order ("Order"), pro se plaintiff Susanne Kreger ("Kreger") has filed a one-page "Clarification of Timing Matter and Other Issues."  As this Court had suspected from the February 5, 2008 date of EEOC's right-to-sue letter, Kreger's listing in Complaint ¶8(b) of that same February 5 date as her date of receipt of the letter was in error.  That then has made her Complaint timely, and this Court is accordingly issuing its customary initial scheduling order that in part sets a 9 a.m. July 15, 2008 status hearing date.

Because Kreger has paid the $350 filing fee, this Court has no way of knowing whether she could or could not qualify in financial terms for the appointment of counsel from the District Court's trial bar.  Employment discrimination litigation, like litigation in other areas of the law, is complex--and although some degree of solicitude is extended to the pro se litigant (see, e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Kreger should be prepared to be held to a standard of

basic understanding of the relevant provisions of the Federal Rules of Civil Procedure and this District Court's local rules (cited "LR"). At the outset Kreger must proceed to obtain service of process on her ex-employer Chicago Transit Authority, so that it will be required to file a pleading in response to her Complaint.

Finally, Kreger has also submitted several pages that she has headed "Amendments to Complaint." What she has set out there is evidentiary material that is not really part of the Complaint as such (in the federal court system, unlike the practice in Illinois state courts, the relevant concept is one of <u>notice</u> pleading rather than <u>evidentiary</u> pleading). Accordingly this Court is returning the so-called "Amendments to Complaint" to Kreger.

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date:  May 23, 2008